Carol LANGSFORD, Plaintiff–Appellant,

v.

YALE UNIVERSITY SCHOOL OF MEDICINE & Yale–New Haven Hospital Corp., Defendants–Appellees.

Docket No. 00–9294.

United States Court of Appeals, Second Circuit.

July 17, 2002.

Barbara E. Gardner, Law Office of Barbara E. Gardner, Esq., Manchester, CT, for Appellant.

Patrick M. Noonan, Delaney, Zemetis, Donahue, Durham & Noonan, P.C., Guilford, CT, for Appellees Yale Univ. School of Medicine.

Margaret P. Mason, Tyler Cooper & Alcorn, LLP, New Haven, CT, for Appellees Yale–New Haven Hospital Corp.

Present McLAUGHLIN, F.I. PARKER, Circuit Judges, and SESSIONS, District Judge.[*]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Carol Langsford appeals from the August 31, 2000 Ruling of the United States District Court for the District of Connecticut (Christopher F. Droney, *Judge*), granting summary judgment to Defendants-appellees, Yale University School of Medicine and Yale–New Haven Hospital Corp. Langsford brought this suit pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging discriminatory termination and failure to accommodate. The district court found that Langsford's claims were time barred.

Langsford is a medical doctor who suffers from a debilitating chronic illness similar to multiple sclerosis. In July 1992, Langsford began a medical residency program in the Department of Pathology post-graduate training program at defendant-appellee Yale University School of Medicine (the "University"). As part of her residency, she was employed as a "house officer" by defendant-appellee Yale–New Haven Hospital (the "Hospital"), a local teaching hospital, pursuant to a one-year renewable contract.

Over the first year of her residency, Langsford missed between 28 and 42 days of work due to her illness. During that time Langsford met with Dr. Jon S. Morrow, the Chairman and Chief of Staff of the Department of Pathology, to discuss her unsatisfactory performance reviews and absenteeism. Despite her efforts to improve her performance, however, Langsford's illness became progressively worse, and she continued to be even more frequently absent from her job during her second year.

On June 4, 1994, as the second year of Langsford's residency came to a close, she wrote a letter to Morrow to request a six month leave of absence from the program due to her illness. Joint Appendix ("JA") at 151. On June 14, 1994, Morrow gave Langsford a letter indicating that her appointment "as a house officer"

---

[*] The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

would be terminated as of July 1, 1994; the letter did not mention Langsford's June 4 request for medical leave. JA at 152. Although Langsford's contract with the Hospital was to expire on June 30, 1994, Morrow's June 14 letter advised Langsford that the Hospital was prepared to offer her an additional six months of employment beginning July 1, 1994, and that the offer of employment was contingent on Langsford's acceptance of the terms in the letter. The letter stated that if she chose to accept the contract extension, then as of January 1, 1995, her "affiliation with this institution will be terminated, and the institution will be under no obligation to continue further benefits to you after that date." JA at 152. On June 27, 1994, Langsford accepted by signing the letter, and the University received it on June 28, 1994. Appellant's Br. at 4.

On June 28, 1994, Langsford spoke with Virginia Roddy, Director of the Office of Legal Affairs and Risk Management for the Hospital. Roddy allegedly informed Langsford that if she did not accept the new position, her medical and disability benefits would be terminated as of June 30, 1994. JA at 20–21. According to Langsford, she also discussed her request for a medical leave with Roddy, who informed her that the request for leave would not be granted automatically but that her physician would have to supply a more detailed explanation of Langsford's disability and the reasons supporting a leave of absence. JA at 21.

On April 12, 1995, 302 days after she received Morrow's letter, Langsford filed a charge of discrimination with the Indiana Civil Rights Commission. JA at 156. After receiving her right to sue letter from the EEOC, Langsford filed this suit. The University and the Hospital moved for summary judgment on several grounds,

including that Langsford's ADA claims were time barred. The district court granted the motions, explaining that under the ADA, a person alleging discrimination on the basis of disability has 300 days from the date of the alleged discriminatory practice to file a charge when the charge is being made to a state agency. Slip op. at 4; see 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e 5(e)(1)). Failure to file a timely charge bars a subsequent claim in federal district court. Slip op. at 4 (citing *Butts v. City of N.Y. Dept. of Housing,* 990 F.2d 1397, 1401 (2d Cir.1993)). The court agreed with the Hospital and the University that the 300–day time period Langsford had to file her administrative complaint began to run on June 14, 1994 when Langsford received her notice of termination from Morrow.

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Reviewing the judgment de novo, *Giordano v. City of New York,* 274 F.3d 740, 746 (2d Cir.2001), we agree with the district court that Morrow's June 14, 1994 letter established the official position of both the University and the Hospital and provided Langsford with clear and definite notice of her termination from the University's residency program and from employment as a house officer at the Hospital. *See Delaware State College v. Ricks,* 449 U.S. 250, 260–62, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Furthermore, no reasonable fact finder could conclude that either the University or the Hospital was still entertaining Langsford's request for accommodation in the form of a medical leave of absence.

We therefore affirm the decision below for substantially the same reasons set forth in the district court's August 31, 2000 Ruling.

For the reasons set forth above, the judgment of the district court is AFFIRMED.